Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SAMI MAHMOUD ABOUSBA ABDELFATTAH<br><br>Recurrido<br><br>v.<br><br>EL LAGO FUEL CORP.<br><br>Peticionario | KLCE202301195 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: TA2022CV00726<br><br>Sobre: Incumplimiento de contrato, daños, acción resolutoria |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 16 de noviembre de 2023.

Comparece la parte peticionaria, El Lago Fuel Corp. (ELF), y nos solicita la revocación de la *Resolución* emitida y notificada el 21 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En el referido dictamen, el TPI declaró "no ha lugar" una moción de desestimación presentada por el compareciente bajo el fundamento de prescripción. En cuanto a las causas reclamadas, por entender que la solicitud de ELF estaba a destiempo, el TPI ordenó a las partes litigantes a continuar con el descubrimiento de prueba y los procedimientos de rigor.

Anticipamos la denegación de la expedición del auto discrecional solicitado.

**I**

El caso del título tuvo su origen el 19 de julio de 2022, ocasión en que la parte recurrida, el señor Sami Mahmoud Abousba Abdelfattah, instó una *Demanda* contra ELF por incumplimiento contractual, daños y perjuicios, entre otras causas de acción.[2] En esencia, alegó que el

---

[1] Apéndice, págs. 1-2.
[2] Apéndice, págs. 4-13. El recurrido unió a su reclamación la Escritura Pública 3 de 15 de diciembre de 2015 y un Estudio de Título fechado el 10 de julio de 2020 de la finca 3587, inscrita al folio 223 del tomo 85 del Registro de la Propiedad de Bayamón Sección III de Toa Alta. Véase, entrada 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

peticionario incumplió los acuerdos contractuales adoptados en la Escritura Pública 3, titulada *Escritura de Contrato de Arrendamiento y Promesa Bilateral de Compraventa*, otorgada por los contendientes el 15 de diciembre de 2015, ante la notaria Loida Eunice Pazo Díaz.[3] El negocio jurídico constó del arrendamiento y promesa bilateral de compraventa de un inmueble sito en Toa Alta. En su reclamación, el Sr. Abousba Abdelfattah adujo que la falta de pago de varias mensualidades de los cánones de arrendamiento pactados, así como el de una suma ascendente a $36,627 por concepto de pagos atrasados de la hipoteca, le causaron la pérdida de ingresos, daños contractuales y emocionales.

El 21 de abril de 2023, ELF solicitó la desestimación de la *Demanda*, al amparo de la Regla 10.2 de Procedimiento Civil, *infra*, al dejar de exponer una reclamación que justificara un remedio.[4] A base de varios documentos, afirmó que las reclamaciones como arrendador a la fecha de presentada la *Demanda* no procedían, pues a esa fecha el recurrido ya no era el propietario del inmueble, sino Best Petroleum.[5] Por igual, negó cualquier responsabilidad por los daños contractuales alegados. Insiste que no incumplió obligaciones dinerarias, según reconocido por el recurrido.[6] Añadió que, aun dando por buena la reclamación judicial, la misma estaba prescrita.

Por su parte, el Sr. Abousba Abdelfattah se opuso al petitorio mediante un escrito judicial instado el 14 de junio de 2023.[7] En este, reiteró sus previas contenciones y negó la prescripción de las causas de acción, toda vez que no habían transcurrido quince años desde el otorgamiento de

---

[3] Refiérase al Apéndice, págs. 32-46.

[4] Apéndice, págs. 16-30, con anejos a las págs. 31-242.

[5] Entre otros gravámenes, el inmueble estaba afectado por una hipoteca de $1,160,000. Al respecto, el 27 de mayo de 2014, el TPI dictó *Sentencia* en la que impartió aprobación al *Consentimiento Jurado* suscrito por el recurrido al tenor de la Regla 35.4 de Procedimiento Civil en el caso civil sobre cobro de dinero y ejecución de hipoteca *Best Petroleum v. Fattah Abuosba, Sami Abdel*, DCD2012-2975. El 8 de febrero de 2022, el TPI emitió una *Orden de Ejecución de Sentencia*; y se expidió el *Mandamiento de Ejecución*. El 28 de abril de 2022, el inmueble se adjudicó a favor del acreedor hipotecario, Best Petroleum Corporation por $1,255,000. El 12 de julio de 2022, el TPI emitió la *Orden de Confirmación de Adjudicación o Venta Judicial*. Apéndice, págs. 68-69; 85; 89-103; 211.

[6] Refiérase al Apéndice, págs. 31; 48-59.

[7] Apéndice, págs. 245-295.

la Escritura Pública 3. Abogó por el descubrimiento de prueba para poder oponerse diligentemente a la petición sumaria.

Evaluadas las posturas, el TPI notificó la *Resolución* impugnada. Por un lado, denegó la desestimación por el fundamento de prescripción, al amparo del Artículo 1864 del Código Civil de 1930, 31 LPRA ant. sec. 5294, vigente al tiempo de otorgar la Escritura Pública 3. De otra parte, justipreció que estaba a destiempo la petición de desestimación de ELF y determinó a favor de la continuación de los procedimientos, incluyendo el descubrimiento de prueba.

Inconforme, ELF solicitó la reconsideración del dictamen y la formulación de determinaciones de hechos.[8] El recurrido se opuso.[9] El 2 de octubre de 2023, el TPI declaró "no ha lugar" las solicitudes conjuntas del peticionario.[10] Inconforme aún, oportunamente ELF acudió ante este tribunal revisor y expuso los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR**
El TPI ha cometido error al dictar *Resolución* de 21 de septiembre de 2023 contrario a derecho.

**SEGUNDO SEÑALAMIENTO DE ERROR**
El TPI ha cometido error al dictar *Resolución* de 21 de septiembre de 2023 al resolver que la causa de daños por un presunto incumplimiento de contrato no está prescrita.

**TERCER SEÑALAMIENTO DE ERROR**
El TPI ha cometido error al dictar *Resolución* de 21 de septiembre de 2023 al resolver no ha lugar la *Moción en solicitud de desestimación al amparo de la Regla 10.2*..., presentada el 21 de abril de 2023, por la parte demandada, y "solo en cuanto al planteamiento de la prescripción."

**CUARTO SEÑALAMIENTO DE ERROR**
El TPI ha cometido error al dictar *Resolución* de 21 de septiembre de 2023 al no destilar varias de las alegaciones de la demanda que en derecho no cumplen con los requisitos de la doctrina de "causalidad adecuada" para determinar la causalidad legal entre la acción u omisión negligente y el daño sufrido según alega ABOUSBA y/o por improcedentes o imposibles en derecho como remedios según su Súplica y según sus alegaciones #19, #22, #23, #24 y #25 de la *Demanda*.

**QUINTO SEÑALAMIENTO DE ERROR**
El TPI ha cometido error al dictar Resolución de 21 de septiembre de 2023 y no concluir en ella que el alegado Derecho de Promesa Bilateral de Compraventa se

---

[8]  Apéndice, págs. 296-319.
[9]  Apéndice, págs. 320-371.
[10] Apéndice, pág. 372.

perfeccionaría conforme la la [*sic*] discreción y voluntad de un tercero, el acreedor de ABOUSBA, lo que es una condición inoficiosa en derecho y no imputable su cumplimiento a EL LAGO.

En cumplimiento de nuestra *Resolución* de 1 de noviembre de 2023, el Sr. Abousba Abdelfattah presentó *Oposición a la Expedición del Auto de Certiorari*.

## II

### A

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1).

Particularmente, en cuanto a los procedimientos de *certiorari* para revisar resoluciones del foro primario, la Regla 52.1 dispone lo siguiente:

> **El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra** de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo**. […] Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] (Énfasis nuestro.)

Luego de auscultar objetivamente si la materia contenida en el auto de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de

*certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma asentada que los foros apelativos "**no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad**." (Énfasis nuestro.) *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).

**B**

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas. Esto es, que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio

plenario. A esos efectos, la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (Regla 10.2), "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008), que cita a *Colón v. Lotería,* 167 DPR 625 (2006). La Regla 10.2 establece los fundamentos por los que una parte puede solicitar la desestimación de una demanda presentada en su contra. En lo atinente, el quinto inciso consigna como causa el dejar de exponer una reclamación que justifique la concesión de un remedio.[11] Al resolver una moción bajo este principio, los tribunales **deberán tomar** "**como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas**." (Énfasis nuestro.) *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 428. Asimismo, "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante." *Id.*, págs. 428-429. Es decir, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y la desestimación 'únicamente procedería cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'." *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Igualmente, **la desestimación tampoco procede si la demanda es susceptible de ser enmendada**. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429.

Además, la norma dispone expresamente que, si "se exponen materias no contenidas en la alegación impugnada, y estas no son excluidas por el tribunal, **la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites**

---

[11] Véase, *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial, marzo 2008, pág. 134.

**ulteriores provistos en la Regla 36**…" (Énfasis nuestro.) Al fundamentar la moción de desestimación en que la parte demandante dejó de exponer una causa de acción que amerite la concesión de un remedio es necesario determinar si los hechos alegados en la demanda establecen de su faz una reclamación que sea plausible y que, como tal, **establezca que el demandante tiene derecho a todo o parte del remedio solicitado**. Solamente ante hechos alegados que no cumplan con el estándar de plausibilidad, el tribunal debería desestimar la demanda. R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 307.[12] Ello así, porque el estándar de plausibilidad no permite que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba pueden probarse meras alegaciones conclusivas. *Id.*

**III**

En el presente caso, la parte peticionaria nos solicita la revisión de una *Resolución*, en virtud de la cual el TPI no dio paso a su petición de desestimación. Arguye, en síntesis, que el TPI incidió al dictarla únicamente en cuanto al planteamiento de prescripción y por considerarla contraria a Derecho. Sostiene que la reclamación del recurrido está prescrita; y aduce que ciertas alegaciones carecen de causalidad adecuada. Finalmente, impugna la promesa bilateral de compraventa acordada en la Escritura Pública 3 por contener una condición inoficiosa, en referencia a que el acreedor hipotecario establecería el precio de compraventa de la propiedad.

En este caso, el TPI se rehusó a desestimar la reclamación del Sr. Abousba Abdelfattah por no estar prescrita, ya que no ha expirado el término de quince años que corresponde a las acciones personales, según el ordenamiento jurídico atinente a los hechos. A partir del otorgamiento de la Escritura Pública 3, allá para el 15 de diciembre de 2015, al tiempo de

---

[12] Véase, *Ashcroft v. Iqbal,* 556 US 662 (2009) y *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

incoar la *Demanda* del título, el 19 de julio de 2022, solo han transcurrido poco más de seis años. Asimismo, en cuanto a las causas de acción de naturaleza torticera, el TPI expresó que la solicitud del peticionario estaba a destiempo. Nótese que, a pesar de que ELF unió a su petición documentos y expuso asuntos no comprendidos en la *Demanda*, el escrito judicial incumplió crasamente con los rigores de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, la cual regula los requisitos sustantivos de una solicitud de sentencia sumaria. En torno a este asunto, el recurrido exigió que primero se realizara un descubrimiento de prueba adecuado y el TPI, en el ejercicio de su discreción, lo concedió. Coincidimos. Como se sabe, de conformidad con la Regla 10.2 de Procedimiento Civil, *supra*, en esta etapa de los procedimientos, se deben tomar como correctas todas las alegaciones bien hechas en la *Demanda* e interpretarlas de la forma más favorable a la parte recurrida.

Según esbozamos, al determinar si debemos expedir o no el auto discrecional, en primer lugar, nos corresponde determinar si la materia planteada está contemplada entre los supuestos de la Regla 52.1 de Procedimiento Civil, *supra*. La contestación a dicha interrogante es en la afirmativa, debido a que ELF recurre de la denegación de una moción dispositiva. En segundo lugar, como parte del análisis dual, debemos examinar el asunto que se nos plantea a la luz los criterios contenidos en la Regla 40 de nuestro Reglamento, *supra*. En este ejercicio, no encontramos que el TPI haya incurrido en un abuso de discreción o que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal ni que, intervenir en esta etapa tan temprana de los procedimientos, se evitaría un perjuicio sustancial contra la parte peticionaria. Por el contrario, con nuestra abstención evitamos dilaciones o fraccionamientos indebidos. Claro está, la denegación del auto discrecional no implica una postura con respecto a los méritos o deméritos de la causa sobre la cual trata el recurso; sino una

muestra de nuestra facultad discrecional para negarnos a revisar en determinado momento un asunto interlocutorio.

**IV**

A la luz de lo expuesto, se deniega la petición de *certiorari*.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones